

FILED

JUL 1 3 2005

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

In Re ) Chapter 7 Proceedings
)
JASON L. CLELLAND and )
NANCY M. CLELLAND, ) Case No. BR-03-15725-PHX-CGC
)
) Adversary No. 03-01071
Debtors. )
)
JASON L. CLELLAND, )
)
Plaintiff. ) MEMORANDUM
) DECISION RE: MOTION FOR
v. ) SUMMARY JUDGMENT
)
MARIE C. MOAK, )
)
Defendant. )

The $41,200 judgment from the Justice of the Peace Court's misdemeanor proceeding is for criminal restitution. The dischargeability of the judgment is governed by *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), which held that criminal restitution orders are non-dischargeable under 11 U.S.C. section 523(a)(7). *Kelly* remains good law and has not been overruled by the Supreme Court. It is not for this Court to determine that the Supreme Court would decide the issue differently if presented today.

Debtor has argued that there is no final order from the state court. Any further proceedings concerning the restitution order, its amount, its finality or its enforceability are within the jurisdiction of the state courts, not this Court, and should be addressed accordingly. Debtors received their discharge on January 16, 2004; therefore, no relief from stay is required to proceed further in state court.

In this case, Debtor filed a motion for summary judgment predicated, in part, on the legal position that *Kelly* was not controlling and therefore Debtor was entitled to summary judgment.

The Court has determined the contrary. Where an issue of law has been determined and further proceedings are unnecessary, the Court may grant summary judgment to the adverse party, even if that party has not sought such relief. *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982) (When one party moves for summary judgment and at a hearing the record reveals no genuine dispute of material fact, "the overwhelming weight of authority supports the conclusion that . . . the court may *sua sponte* grant summary judgment to the non-moving party."). That is the case here; the denial of summary judgment is not a final order and will not terminate this litigation even though the essential issue has been decided. To keep the adversary proceeding unresolved would not serve justice, particularly since in the absence of a final order no party would have a right to appeal. Therefore, the Court will grant summary judgment toDefendant as well as deny Plaintiff's motion.

So ordered.

DATED: July 13, 2005

Charles G. Case II
UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing mailed and/or via facsimile
this ___ day of July, 2005, to:

Craig J. Bolton
Jennings, Haug & Cunningham, LLP
2800 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-1049
Attorneys for Debtors

Marie C. Moak
155 N. Brookside St.
Chandler, Arizona 85225
Defendant pro se

- 2 -